IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIAMAK MADANI<br>4875 Loughboro Road, NW<br>Washington, D.C. 20006<br><br>　　　Plaintiff<br><br>v.<br><br>THOMAS SIGNORELLI<br>5420 N. Ocean Drive<br>Apt. #1803<br>West Palm Beach, Florida 33404<br><br>-and-<br><br>WS CAPITAL ADVISORS, LLC<br>700 S. Rosemary Avenue<br>Suite 204<br>West Palm Beach, Florida 33401<br><br>　　　SERVE: Registered Agent<br>　　　Nicholas Panarella<br>　　　1605 US Highway 1<br>　　　B404<br>　　　Suite 300<br>　　　Jupiter, Florida 33477<br><br>　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**COMPLAINT**

Plaintiff, Siamak Madani, by and through his attorneys, Jeffrey M. Schwaber and Stein Sperling Bennett De Jong Driscoll PC, hereby sues and demands judgment against Thomas Signorelli and WS Capital Advisors, LLC (together, "Defendants"), stating as follows:

PARTIES

1.　Plaintiff, Siamak Madani ("Plaintiff"), is an individual who resides in the District of Columbia. At all times relevant hereto, Plaintiff has resided in and conducted business from

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 Wootton Parkway, Suite 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

1

9261765_2

the District of Columbia. All of Defendants' fraudulent acts were directed at Plaintiff while knowing Plaintiff was a resident of the District of Columbia who was seeking from Defendants funds to consummate a real estate transaction within the District of Columbia.

2.      Upon information and belief, Defendant, Thomas Signorelli ("Defendant Signorelli"), is an individual who resides in West Palm Beach, Florida. Defendant Signorelli transacts business in the District of Columbia, including the business he purported to conduct with Plaintiff, which gives rise to the instant lawsuit.

3.      Upon information and belief, Defendant, WS Capital Advisors, LLC, is a limited liability company organized under the laws of the State of Florida with its principal place of business located in West Palm Beach, Florida. Upon information and belief, Defendant Signorelli is WS Capital's sole Principal and Advisor. Through Defendant Signorelli, WS Capital conducts business in the District of Columbia, including the business Defendant Signorelli purported to conduct with Plaintiff, which gives rise to the instant lawsuit.

JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1332, as upon information and belief, there is complete diversity between Siamak Madani who is a resident of the District of Columbia, on the one hand, and Defendants, who, upon information and belief, are made up of a Florida resident and a Florida limited liability company with members who, further upon information and belief, all reside in Florida, on the other hand. Furthermore, the amount in controversy exceeds $75,000.

5.      Venue is proper pursuant to 28 U.S.C. § 1391.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 Wootton Parkway, Suite 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

## FACTS

6. On its website, WS Capital is identified as a "Series Fund" and touts itself as a "financial advisory firm dedicated to helping middle market companies and institutional real estate investors expand their access to capital, negotiate favorable terms, and increase the efficiency of the funding process." It claims it will become part of each client's "team" and be "a trusted advisor" who will see "[e]very client … as a partner with relationships that span years and multiple engagements."

7. Defendant Signorelli is the sole Principal and Advisor identified on WS Capital's website where he and WS Capital represent that he is a professed former "top producer at GE Capital" and describe him as "one of the most prolific deal makers of middle market and SBA financings on the West Coast completing over $3 billion in transactions in under 2 decades."

8. WS Capital and Defendant Signorelli specifically market the firm to borrowers like Plaintiff on the WS Capital webpage dedicated to "EFFICIENT ACCESS TO PRIVATE CAPITAL." Therein WS Capital boasts:

> Drawing on decades of experience, representing hundreds of commercial borrowers, and navigating the credit requirements of both traditional and non-bank lenders has helped us develop a deep understanding of the challenges and pitfalls of securing credit with favorable terms. We established this fund to address the inefficiency in private credit markets and serve borrowers in [a] manner few lenders can. Our structure, experience, and processes are designed to deliver flexibility, speed, and creativity, to efficiently address the commercial credit needs of middle market borrowers.

9. Plaintiff learned of WS Capital and Defendant Signorelli in early 2022, while in the market for capital. After studying WS Capital's website, among other things, Plaintiff soon thereafter contacted Defendant Signorelli to inquire whether Plaintiff was a viable candidate to borrow and/or otherwise access funds from WS Capital for Plaintiff's impending real estate investment opportunity in the D.C. Metro Area (the "Real Estate Transaction").

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 Wootton Parkway, Suite 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

10. Plaintiff described for Defendant Signorelli the lucrative Real Estate Transaction he had in the pipeline and explained that he would need to borrow significant funds to close that Real Estate Transaction.

11. Specifically, Plaintiff informed Defendant Signorelli that Plaintiff personally would need a loan in the amount of $4.5 million to close the Real Estate Transaction on April 19, 2022 (the "Personal Loan") and acquire a 45% stake in the opportunity.

12. As a result of Plaintiff's inquiry, Defendants launched a scheme to defraud Plaintiff. More specifically, after multiple lengthy conversations with Defendant Signorelli, Plaintiff fully understood and appreciated the "team" dynamic the website promoted. Defendant Signorelli represented himself to be experienced and confident. He talked to Plaintiff like an old friend, and quickly—and as is now clear, deliberately—disarmed Plaintiff and earned his trust.

13. Plaintiff explicitly communicated to Defendant Signorelli that if he and WS Capital could not extend the Personal Loan, Plaintiff needed to know quickly so he could immediately search for and secure alternative funding to avoid the higher fees and interest rates typically associated with an eleventh-hour loan. Further, if Plaintiff could not close on April 19, 2022, he made clear that Plaintiff risked losing the opportunity all together. Plaintiff in fact did lose the opportunity as a direct result of Defendants' lies.

14. Once Defendant Signorelli had induced Plaintiff's confidence and trust through their initial discussions related to the Personal Loan, the parties further discussed Defendants' ability and willingness to extend Plaintiff a $7 million line of credit (the "Line of Credit"), which would permit Plaintiff to refinance existing loans with a significantly lower interest rate, among other things.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 Wootton Parkway, Suite 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

4

9261765_2

15. On March 15, 2022, Defendants committed both to the Personal Loan and the Line of Credit.

16. To this end, also on March 15, 2022, Defendants agreed that in exchange for a $25,000 deposit Plaintiff was to wire to WS Capital's account ("$25K Deposit"), Defendants would provide to Plaintiff funding for the secured Personal Loan by no later than April 13, 2022.

17. Consistent with explicit instructions provided by Defendants and with the parties' agreement, on March 15, 2022, the $25K Deposit was wired to a WS Capital account at Professional Bank in Coral Gables, Florida (ending in 382), as directed by Defendant Signorelli, and which account, upon information and belief, is controlled by Defendant Signorelli. Defendant Signorelli confirmed receipt of the $25K Deposit.

18. Then, on March 18, 2022, Defendants further committed that in exchange for a $7,000 deposit Plaintiff was to wire to WS Capital's account ("$7K Deposit"), Defendants would provide to Plaintiff the Line of Credit it had arranged (the $25K Deposit and $7K Deposit together are referred to as the "Deposits").

19. Consistent with that agreement, on the same date, Plaintiff wired the $7K Deposit to the WS Capital account at Professional Bank in Coral Gables, Florida (ending in 382), as explicitly directed by Defendant Signorelli, and which account, upon information and belief, is controlled by Defendant Signorelli. Defendant Signorelli confirmed receipt of the $7K Deposit.

20. Thereafter, Defendant Signorelli continuously assured Plaintiff that Plaintiff would soon receive the Personal Loan and Line of Credit, and specifically that as promised from the outset, Plaintiff would receive the Personal Loan in ample time to close the Real Estate Transaction on April 19, 2022.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 Wootton Parkway, Suite 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

21. However, despite Defendant Signorelli's repeated false and material promises that the funds were forthcoming, in fact the defendants were lying. Plaintiff did not receive any funds at all from Defendant Signorelli, WS Capital or anyone else, either in time to use them to close the Real Estate Transaction or at any time thereafter for any other of his planned business opportunities/purposes.

22. As such, Plaintiff was forced to mobilize swiftly and secure a "quick" loan from an alternative lender in order to accomplish the Real Estate Transaction, which as Defendant Signorelli was aware, necessitated that Plaintiff guaranty a loan with higher fees and increased interest rates, which ultimately will end up exposing Plaintiff to an additional amount of approximately $240,000. Furthermore, without the Personal Loan, Plaintiff was forced to give up his 45% stake in the Real Estate Transaction with a multi-million-dollar value. These resultant damages to Plaintiff all were communicated to Defendants and/or reasonably were foreseeable by Defendants.

23. Defendant Signorelli offered no real or other justification for the delay—which proved quite expensive for Plaintiff—but instead, dedicated the next few months to concocting a series of elaborate and knowingly false lies designed to induce forbearance from Plaintiff, and to keep Plaintiff believing the Personal Loan and Line of Credit still were forthcoming.

24. By way of example only, on April 21, 2022, Defendant Signorelli texted Plaintiff a purported confirmation number and provided a screenshot of a wire for $3.5 million purportedly initiated from Defendant Signorelli's account to Plaintiff's at Citibank. Defendant Signorelli insisted that the wire would arrive in Plaintiff's account by 2:00 p.m. on April 29, 2022. Defendant Signorelli knew that this statement was a lie at the time he made it. No funds arrived.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 Wootton Parkway, Suite 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

6

9261765_2

25. Thereafter, on May 4, May 6, and May 10, Defendant Signorelli, and upon information and belief, others acting at his direction, promised Plaintiff three different times the funds were on their way, but still Plaintiff received nothing.

26. On May 27, 2022, Defendant Signorelli, now crafting a new lie designed to further induce reliance and forbearance by Plaintiff, told Plaintiff his original funding source had fallen through, but that he and WS Capital had a new funder locked in. That new funder had purportedly transferred to Defendant Signorelli roughly $10 million, $4.5 million of which would be used to fund the Personal Loan. Defendants supported this bogus claim with a fake screenshot sent to Plaintiff purporting to reflect that funds transfer.

27. Just a few days later, on June 1, 2022, Defendants sent another screenshot to Plaintiff, now purporting to reflect a $2.5 million wire allegedly initiated from Defendants' account to Plaintiff's at Citibank. This too was a cold and calculated lie, again clearly designed to induce further reliance and forbearance from Plaintiff.

28. After those funds did not arrive, on June 3, 2022, Defendant Signorelli said now Plaintiff should expect the funds to come directly from the purported 'new funder' on Defendants' behalf. That too was a deliberate and calculated lie. Those funds never came.

29. Almost five (5) months after Plaintiff paid the Deposits, there was still no sign of the Personal Loan (or the Line of Credit). At that point, on August 1, 2022, Plaintiff heard from Defendant Signorelli that yet again Defendants were involving a new funder who would wire Plaintiff the funds on Defendants' behalf. Again, this was a calculated lie, designed to induce Plaintiff's reliance and further forbearance. Again, no funds arrived.

30. On August 4, 2022, Nicholas Panarella introduced himself to Plaintiff in an email (copied to Defendant Signorelli), as WS Capital's "in-house counsel." Mr. Panarella claimed to

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 Wootton Parkway, Suite 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

7

9261765_2

have "been working on [Plaintiff's] transaction[, which he] fully expect[ed] … [to] close by early next week." It now is clear that this too was a deliberate lie.

31. Nothing arrived early the next week except another email from Mr. Panarella, who now claimed to be "finalizing [their] internal processes …. [but promising that Plaintiff's] funding will be completed. Best estimate is that Thursday 11 Aug is the likely funding date." He falsely explained the delay to be a result of Defendant Signorelli being "too bullish/aggressive on timing." Mr. Panarella's communications—purporting to be acting as counsel to WS Capital—were calculated to further induce Plaintiff's reliance and forbearance. In fact, there was no funding being "finalized." August 11, 2022 passed with still no funds.

32. Eventually, it became clear to Plaintiff that Defendants had lured him into a fraudulent scheme, never intending to extend the Personal Loan or Line of Credit to Plaintiff, but only to take the Deposits for themselves.

33. After this discovery, in September 2022, Plaintiff demanded Defendants issue a refund of the Deposits (the "Refund").

34. Defendants agreed to the Refund and represented to Plaintiff that Defendant Signorelli had initiated it by wire on Friday, September 16, 2022. This representation was knowingly false.

35. Given Defendants' incessant broken promises, pathological lies, and overt theft of tens of thousands of Plaintiff's dollars, Plaintiff hired counsel in hopes that the added pressure would motivate Defendants to issue the Refund, among other things.

36. To this end, on September 22, 2022, undersigned counsel sent a pre-suit demand to Defendants wherein he demanded, among other things, immediate return of the Deposits and

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 Wootton Parkway, Suite 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

8

9261765_2

further, that the parties agree upon a short term secured payment plan for Defendants to compensate Plaintiff for the loses he suffered as a result of Defendants' fraudulent activities.

37. Defendant Signorelli immediately replied to the Demand Letter and assured undersigned counsel that he promptly would issue the Refund. This too was a lie.

38. On September 30, 2022, Defendant Signorelli even went so far as to email undersigned counsel a screenshot of what he purported to be a receipt from Chase Bank of the wire transaction for the Refund. This interstate communication was knowingly false and intended to deceive. The Refund never arrived.

COUNT I<br>(Fraud – Defendants)

39. Plaintiff incorporates the allegations as set forth in paragraphs 1 through 38 as if fully set forth herein.

40. As part of the fraudulent scheme described in paragraphs 6-38 (the "Fraudulent Scheme"), Defendants designed and published a public website to deceive borrowers like Plaintiff into believing they are an experienced and trustworthy lender.

41. As further part of the Fraudulent Scheme, Defendants falsely represented to Plaintiff that Defendants would extend the Personal Loan and Line of Credit to Plaintiff if Plaintiff first transferred to Defendants the Deposits.

42. Defendants made these representations knowing them to be false.

43. Plaintiff reasonably relied on Defendants' false representations to his detriment, by providing the Deposits to Defendants.

44. Contrary to Defendants' representations that they would extend the Personal Loan and Line of Credit to Plaintiff, Defendants in fact had no intention ever to do so.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 Wootton Parkway, Suite 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

9

9261765_2

45. Further contrary to Defendants' representations, Defendants never initiated a wire to Plaintiff to fund the Personal Loan in whole or in part.

46. Further contrary to Defendants' representations, upon information and belief, Defendants never secured funding from any third-party to fund the Personal Loan.

47. Further contrary to Defendants' representations, upon information and belief, no third-party agreed directly to initiate a wire to Plaintiff to fund the Personal Loan in whole or in part.

48. Further contrary to Defendants' representations, Defendants intended to, among other things, receive, for direct and indirect personal use, the Deposits paid by Plaintiff in reasonable reliance on Defendants' false, deceptive, and misleading business practices and representations as those described hereinabove.

49. As a result of the Fraudulent Scheme, including Defendants' false representations, Plaintiff has suffered damages, in the amount of at least $3,750,000.

50. Defendants made their false misrepresentations with actual malice, designed to cause specific injury to Plaintiff.

WHEREFORE, Plaintiff, Siamak Madani, demands judgment against Defendants, Thomas Signorelli and WS Capital Advisors, LLC, jointly and severally, in the amount of at least $3,750,000, plus punitive damages, pre- and post-judgment interest and costs, and any and all further relief that this Court deems just and proper.

COUNT II
(Violation of D.C. Consumer Protection Procedures Act (DCCPPA) – Defendants)

51. Plaintiff incorporates the allegations set forth in paragraphs 1 through 50 as if fully set forth herein.

52. The Plaintiff is a consumer, as classified under § 28-3901(a)(2) of the DCCPPA.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 Wootton Parkway, Suite 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

53. Defendants are merchants as classified under § 28-3901(a)(3) of the DCCPPA.

54. Defendants offer "goods and services," as defined in § 28-3901(a)(7), which includes consumer credit and real estate transactions.

55. The DCCPPA § 28-3904 provides, in pertinent part:

It shall be a violation of this chapter for any person to engage in an unfair or deceptive trade practice, whether or not any consumer is in fact misled, deceived, or damaged thereby, including to:

\* \* \*

(e) misrepresent as to a material fact which has a tendency to mislead

\* \* \*

(h) advertise or offer goods or services without the intent to sell them or without the intent to sell them as advertised or offered

\* \* \*

(u) represent that the subject of a transaction has been supplied in accordance with a previous representation when it has not

56. Defendants misrepresented their ability and efficiency with which they could provide Plaintiff with the Personal Loan and Line of Credit, in violation of § 28-3904(e) of the DCCPPA.

57. Defendants misrepresented their financial lending services to provide Plaintiff with "speed" and "efficiency" as advertised on their website, in violation of § 28-3904(h) of the DCCPPA.

58. Defendants had no intent to provide such services as they failed to fulfill their commitment to provide Plaintiff with the agreed loan amounts after Plaintiff wired the agreed upon Deposits to WS Capital's account at Professional Bank, in violation of § 28-3904(h) of the DCCPPA.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 Wootton Parkway, Suite 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

59. Defendants continually misrepresented to Plaintiff that the funds for the Personal Loan had been supplied to Plaintiff when in fact they had not, in violation of § 28-3904(u) of the DCCPPA.

60. When Plaintiff, upon realizing that Defendants would not provide the agreed upon funds, requested the Deposits be returned to him, Defendants again continued to misrepresent to Plaintiff that the Refund had been issued, when in fact they had not, in violation of § 28-3904(u) of the DCCPPA.

WHEREFORE, Plaintiff, Siamak Madani, demands judgment against Defendants, Thomas Signorelli and WS Capital Advisors, LLC, jointly and severally, in the amount of at least $3,750,000, plus, pursuant to DCCPPA 28-3901, *et seq.*, treble damages, punitive damages, and attorneys' fees, in addition to pre- and post-judgment interest and costs, and any and all further relief that this Court deems just and proper.

COUNT III
(Conversion – Defendants)

61. Plaintiff incorporates the allegations set forth in paragraphs 1 through 38 as if fully set forth herein.

62. Defendants fraudulently induced Plaintiff to transfer the Deposits to WS Capital's account at Defendant Signorelli's direction under the guise that such Deposits were required before Defendants would extend the Personal Loan and Line of Credit thereby unlawfully exercising ownership, dominion, and control over Plaintiff's personal property (namely, his money used to pay the Deposits) in denial or repudiation of his right to such property.

63. Plaintiff has demanded that Defendants return the Deposits, but despite repeated lies and false promises, Defendants have failed and refused to do so.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 Wootton Parkway, Suite 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

12

9261765_2

64. Defendants' fraudulent obtainment and continued retention of Plaintiff's property was/is intentional, without permission or justification, and constitutes a conversion of Plaintiff's property.

65. Plaintiff's property had a value of $32,000 at the time of the conversion.

WHEREFORE, Plaintiff, Siamak Madani, demands judgment against Defendants, Thomas Signorelli and WS Capital Advisors, LLC, jointly and severally, in the amount of at least $32,000, plus pre- and post-judgment interest and costs, and any and all further relief that this Court deems just and proper.

<u>COUNT IV</u>
(Unjust Enrichment – Defendants)

66. Plaintiff incorporates the allegations set forth in paragraphs 1 through 38 as if fully set forth herein.

67. Defendants, on the one hand, and Plaintiff, on the other hand, agreed that Defendants would secure and provide to Plaintiff funding for the Personal Loan and Line of Credit. However, Defendants first required that Plaintiff transfer the Deposits to WS Capital's account at Professional Bank, which upon information and belief, is controlled by Defendant Signorelli.

68. Plaintiff transferred the Deposits to WS Capital's account at Professional Bank, which were earmarked as the Deposits.

69. Defendants knew that in exchange for the Deposits, Plaintiff expected Defendants to secure and provide to Plaintiff funding for the Personal Loan and Line of Credit, and that the Deposits would then be applied to the closing costs associated with the same.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 Wootton Parkway, Suite 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

9261765_2

70. Defendants have made clear that they will not be securing or providing to Plaintiff funding for the Personal Loan and Line of Credit. Yet, despite demand from Plaintiff, Defendants have failed and refused to issue the Refund.

71. Defendants' acceptance and retention of the Deposits with knowledge that Plaintiff expected the Deposits to be applied to the closings of the Personal Loan and Line of Credit, which neither will ever take place, make it inequitable for Defendants to retain the benefit of the Deposits.

WHEREFORE, Plaintiff, Siamak Madani, demands judgment against Defendants, Thomas Signorelli and WS Capital Advisors, LLC, jointly and severally, in the amount of at least $32,000, plus pre- and post-judgment interest and costs, and any and all further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all matters subject to a trial by jury.

    Respectfully submitted,

    STEIN SPERLING BENNETT
    DE JONG DRISCOLL PC
    By: */s/ Jeffrey M. Schwaber*
    Jeffrey M. Schwaber (D.C. Bar #419681)
    jschwaber@steinsperling.com
    1101 Wootton Parkway, Suite 700
    Rockville, MD 20852
    Direct: 301-838-3210
    Fax: 301-354-8110
    *Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 Wootton Parkway, Suite 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

14

9261765_2